IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, ET AL.,<br><br>Defendants. | Cause No. CV 25-32-BLG-DWM<br><br><br>ORDER |

Plaintiff Lionel Scott Ellison has filed a Fed. R. Civ. P. 60(b)(1) motion for relief from an order, related to the denial of his motion to proceed in forma pauperis. (Doc. 8.) The motion is denied.

I.     PROCEDURAL BACKGROUND

On March 19, 2025, Ellison lodged a proposed Complaint with the Court and moved to proceed in forma pauperis. (Docs. 1 and 2.) On April 8, 2025, the motion was denied, because Ellison's account statement showed that he was able to pay the fee. (Doc. 7.) Before the deadline to pay the fee arrived, Ellison filed a Fed. R. Civ. P. 60(b)(1) motion for relief from an order. (Doc. 8.) Without waiting for a ruling on his motion, Ellison then filed a notice of appeal. (Doc. 9.)

For context, a partial history of Ellison's litigation history is useful. Several months prior to lodging this Complaint, Ellison had lodged a substantially identical Complaint and moved to proceed in forma pauperis in *Ellison v. State of Montana*

1

*et al.*, CV 24-76-BLG-DWM (June 25, 2024) ("*Ellison I*"). The motion to proceed in forma pauperis in that matter was also denied, based on Ellison's account statement. (*Ellison I,* Doc. 6.) Ellison filed a motion for reconsideration, and then, as here, noticed an appeal while the motion was pending. The motion for reconsideration was denied. Ellison filed a few more motions in this Court before eventually dismissing his case and requesting that the district Clerk of Court notify the Court of Appeals of his intent to dismiss his appeal, on August 27, 2024. (*Ellison I,* Doc. 16.) Two months later, he moved to reopen the matter, which was also denied. The Court of Appeals' order granting his motion for voluntary dismissal and mandate issued on January 16, 2025. (*Ellison I,* Doc. 18.)

Ellison filed this case, with the same Complaint, two months later. Between these two cases, despite never having paid the filling fee or properly filed a Complaint, Ellison has filed thirteen motions.

II.   ANALYSIS

Generally, a district court does not have jurisdiction to grant motions once an appeal has been docketed. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (holding filing a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"). However, certain types of motions may still be considered by the district court, notwithstanding an appeal. Fed. R. App. P. 4(a)(4).

2

A Rule 60 motion like Ellison's may be considered if it is filed no later than 28 days after the judgment is entered. Fed. R. App. P. 4(a)(4)(vi). Ellison's motion was timely.[1]

Rule 60(b)(1) permits a district court to reopen a judgment for "mistake, inadvertence, surprise, or excusable neglect," so long as the motion is filed "within a reasonable time," and, at most, one year after the entry of the order under review. See Fed. Rules Civ. Proc. 60(b)(1), (c)(1). Ellison asserts as his grounds for his Rule 60(b)(1) motion that the Court made a mistake in its Order denying his motion to proceed in forma pauperis, by concluding that Ellison could pay his fee. (Doc. 8 at 1.) Ellison states that he currently has a balance of $152.23, but he has not filed an account showing that with his motion. Thus, Ellison asserts a mistake of fact, that the conclusion that he could pay was factually inaccurate.

At the time Ellison filed his motion to proceed in forma pauperis in this matter, the Court had the benefit of two account statements covering almost a year of Ellison's account, during which time he had over $1000 until shortly before he filed his Complaint in this case. Three days before he moved to proceed in forma pauperis, he transferred $500 out of his account. A common practice has developed

---

[1] A judgment was never finally entered in this matter, nor was the case closed. The motion to proceed IFP was denied, but Ellison still had time to pay his fee before action would have been taken to close his case. Instead, he filed his Rule 60 motion and notice of appeal.

at Montana State Prison of prisoners with sufficient money in their account to pay their fees to transfer the money out, immediately before filing, in order to present the Court with a much lower balance. The Court thus takes a more comprehensive view of the plaintiff's accounts during the six-month period preceding the filing, not just looking at the snapshot of the date of filing.

Thus, there was no mistake as to the amount of money Ellison had when he filed his suit. The amount reflected in the account statement is undisputed by Ellison. Rather, Ellison disagrees with the Court's conclusion that the money he transferred out immediately before filing suit would have been sufficient to pay, and was conveniently transferred immediately prior to filing his motion, after his prior case was, ultimately, voluntarily dismissed by him over this same issue, payment of the filing fee. The conclusion was that for a year prior to filing, Ellison had up to $1750 in his account, and then days before filing, he transferred out more than the sum needed to pay his filing fee. Ellison has identified no mistake that warrants revisiting the Court's prior conclusion.[2]

Accordingly, it is HEREBY ORDERED:

1. Ellison's Rule 60 motion (Doc. 8) is DENIED. The Clerk of Court is

---

[2] The United States Supreme Court has held that a judicial error of law can be considered a mistake in the context of Rule 60(b). *Kemp v. United States*, 596 U.S. 528 (2022). However, Ellison does not make this argument, and refers to the asserted mistake as "a simple clerical mistake." (Doc. 8 at 2.)

directed to notify the Clerk of the Ninth Circuit Court of Appeals of the making of this Order.

2. All other pending motions are DENIED as moot.

3. Ellison must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 29th day of May, 2025.

_____
Donald W. Molloy, District Judge
United States District Court